## M. V. SILVEIRA *v.* L. AHLO.

PETITION FOR REHEARING.

SUBMITTED JANUARY 9, 1905.      DECIDED JANUARY 31, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

REHEARING.

> A rehearing is granted upon a ground duly presented by counsel
> and not duly considered by the court.

### OPINION OF THE COURT BY FREAR, C.J.
(Hartwell, J., dissenting.)

The defendant asks for a rehearing in this case (decided ante
p. 309) upon the ground "that questions decisive of the case were
duly submitted by counsel and overlooked by the court" and
"specifies the particular matters on which he relies" as follows:

"1st.   That one of the questions in the case on which he relied
and which he duly presented was that no rent could be recov-
ered after the first day of June, A. D. 1900, because that the
plaintiff on that date granted a reversion in the premises leased
to one J. P. Mendonca by lease in praesenti, and that by opera-
tion of law the right to recover the rents thereupon passed to
said Mendonca and that the plaintiff could not recover from
said date;

"2nd.   In case the rent did not pass with the reversion still
no recovery could be had because the landlord having re-rented
the premises the amount received on the Mendonca rent, being
larger than the amount sued upon, should be applied on the
amount due from the defendant, and no recovery could be had
after that date;

"3rd.   That the instruction of the Court that the issue in
the case was whether the lease had been surrendered and can-

celled, was misleading, the witness Bolte having testified that the lease was to be cancelled before it was surrendered, but the case which was submitted to the jury under the instructions of both parties was a case of a surrender by operation of law and not the surrender testified to by Bolte, and that the instruction given by the Court of its own motion, duly excepted to, stating to the jury that the issue was whether the lease was surrendered and cancelled was misleading, and that whilst duly presented by counsel it has been overlooked by the Court."

There appears no reason for granting a rehearing upon the second and third grounds, but we think there should be a rehearing upon the first ground.

The action is one for rent, and one question is whether the plaintiff can recover rent from the defendant after having made an overlease to one Mendonca. Two exceptions are brought here bearing upon this point. One is an exception to refusing to give an instruction to the jury, and the other is an exception to the admission in evidence of a paper signed by Mendonca, in which he certifies that he is aware of the fact that the pieces of land covered by his lease are now under the leases (describing them) to the defendant; and further certifies that the said lease to him "was granted subject to the aforementioned three leases" to the defendant.

Our attention was directed particularly to the second of these exceptions, and the opinion of the court, so far as it bears upon this document relates to the question of its admissibility and of its bearing upon the question of surrender which also was involved in the case. The question raised by the exception to the refusal to give the instruction received little or no attention by us and is not referred to in the opinion. Defendant's brief was perhaps a little blind upon these questions, but on the whole, after further examination, we are of the opinion that both questions were duly presented and that the question of the effect of the document mentioned was not given due attention. Accordingly a rehearing is granted upon the first ground stated in the petition, which may be stated in the form of the following questions: (1) Would the words "subject to the aforementioned

three leases" in a grant of a reversion (either by a deed which does or by a deed which does not, expressly or by implication, contain a warranty of title or right to convey) prevent the subsequently accruing rent from going with the grant? (2) If so, are there any facts in the present case which would prevent the new lessee, Mendonca, from being entitled to such rent?

*Robertson & Wilder* for plaintiff.

*Castle & Withington* for defendant.

### DISSENTING OPINION OF HARTWELL, J.

By the law of real property the grant of a reversion which does not reserve to the grantor the subsequently accruing rent from existing leases of the land carries with it the rent as one of the incidents of ownership of the land, something in the nature of rights, easements, privileges and appurtenances belonging to and going with the land. The grantee in such case becomes the landlord of the tenants holding such outstanding leases and upon notice of the transfer of the title given to the tenant either by the grantor or by the grantee the latter becomes entitled to the subsequently accruing rent. Until such notice the tenant may pay the rent to the grantor, his immediate landlord, and such payment protects him against any claim thereto by the grantee. After such notice he is released from obligation to the grantor created by the lease in respect of the payment of rent, while the grantor is released from obligation under the lease to the tenant, excepting such liability as may have been incurred by him in consequence of a breach of an express or implied covenant of title.

Such being the law, conveyances of land would be subject to its provisions and requirements, whether therein expressed to be so or not, although a conveyance which does not mention that it is made subject to existing leases would be regarded as giving the grantor the right to take immediate possession of the land and as implying that at the time of delivery of the deed the grantor was himself in possession having the right to place

his grantor on the land. If a conveyance of land in fee contain an express covenant or words which imply a covenant on the part of the grantor that he is in possession and has a right to give possession to the grantee the expression in the conveyance that it is made subject to certain leases would modify such expressed or implied covenant, and would mean nothing more than to release the grantor from an obligation to give immediate possession to the grantee.

As between grantor and grantee the same thing could be effectively shown and accomplished by a written statement by the latter to the former or by a separate written agreement between the two to the effect that the grantee took the conveyance "subject to" existing leases. It might be a question perhaps whether the using of a separate instrument to accomplish this object would properly be regarded as showing an intention on the part of the grantor and grantee to accomplish any more than this object. The above rules apply as well to a grant by a lessor of a longer term of lease than one which is already made and which is still unexpired. The new lessee would have the same relation as a grantee would have to the earlier lessee.

In the present case the lessor, the plaintiff Silveira, made to J. P. Mendonca a lease for a longer term than his outstanding leases to the defendant Ahlo, and at the date of Mendonca's acknowledgment of the lease to himself he gave to the plaintiff his written statement to the effect that he knew of the Ahlo leases and took his own lease subject to them. Neither Mendonca nor Silveira informed Ahlo of the transaction or notified him that Mendonca would claim or be regarded by himself or by Silveira as entitled to subsequently accruing rent. After the execution of the lease to Mendonca, Silveira by his agent Bolte, who was also agent of Mendonca, continued to demand of Ahlo the rent on the Silveira leases. The lease to Mendonca was placed on record but his written declaration was not recorded. Bolte's continuing to demand of Ahlo rent upon the Silveira leases to him may in the absence of evidence to the contrary be presumed to have been done in conformity with the understand-

ing between Silveira and Mendonca as to the meaning of the written declaration of the latter. As the claim of rent from Ahlo was a matter solely between Silveira and Mendonca, they had a right as between themselves to place this meaning, if they wished to do so, upon Mendonca's declaration, although it may not be the meaning which in the absence of construction of it by the parties the law would place upon it. Payment of rent by Ahlo to Silveira would have protected him from a claim by Mendonca, and a payment now made in the absence of any claim by Mendonca would seem to protect him against the latter. On the other hand, a payment of the rent to Mendonca made by Ahlo would protect him from a claim by Silveira, on the theory that unless otherwise notified by Silveira, Ahlo would have had the right to treat the declaration as merely a statement of the general rule of law applying to conveyances made subject to existing leases. The law and the facts in this case were fully before the court as far as I can say and were fully recognized and considered in its decision of which the defendant asks rehearing. It is true that the question argued by the defendant concerning Mendonca's written declaration was confined to its admissibility, and that the conclusion of the court necessarily went to the extent, not only of declaring it to be admissible, but of passing upon its effect in law as equivalent under the circumstances of the case to an agreement between Silveira and Mendonca that the latter, until he got possession of the land leased to Ahlo, would not claim the rent from Ahlo. As far as I know or can infer, this construction was placed upon the written declaration deliberately and without ignoring or failing to give full consideration to the law upon the subject.

I therefore respectfully dissent from the opinion of the court ordering a rehearing of the decision. I do this with unfeigned respect for the opinion of my colleagues and with a feeling of satisfaction that in this case, as heretofore, we have no difference of opinion concerning rules of law, the only question now being whether there is anything in the case which shows that the lease to Mendonca was not to give him the right to subsequently

accruing rent while he should not have got possession of the land then held under the Ahlo leases. As the court, according to its majority opinion, have considered that a re-argument on this matter is proper, I shall take great pleasure in listening to and considering the argument which may be presented.